# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-CV-00973-RGK(MAAx) | Date | February 11, 2020 |
|---|---|---|---|
| Title | *FELICITAS SOLANO v. FCA US LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Order Remanding Action to State Court**

Felicitas Solano ("Plaintiff") filed a Complaint against FCA US LLC ("Defendant") alleging violations of the Song-Beverly Warranty Act.

On January 30, 2020, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her complaint, Plaintiff seeks damages, including compensatory damages, restitution, statutory remedies, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendant points to Plaintiff's allegation that the subject vehicle cost $51,240, and argues that, including civil penalties, Plaintiff seeks $153,720 in damages plus incidental and consequential damages and attorneys' fees.

The Complaint alleges that the total amount paid or payable for the vehicle is approximately $51,240. While the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-CV-00973-RGK(MAAx) | Date | February 11, 2020 |
|---|---|---|---|
| Title | *FELICITAS SOLANO v. FCA US LLC* | | |

vehicle. *See Tokmakova v. Volkswagen Group of America, Inc.*, 2012 WL 12952629, at * 2–3. Here, there is there no indication as to how many miles Plaintiff drove the care prior to the first repair. Further, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). Again, there are no facts indicating the amount that has already been paid. Without such facts, the Court is left with considerable doubt as to the amount in controversy. *Accord Tokmakova*, 2012 WL 12952629, at *3.

     As Defendant points out, Plaintiff would be entitled to civil penalties and attorneys' fees if the action succeeds. However, the Court finds that Defendant's inclusion of these amounts is similarly deficient. As to attorneys' fees, the Court finds that Defendant has not carried its burden of showing by a preponderance of the evidence the amount of future attorneys' fees. At best, Defendant has provided only speculation. As to civil penalties, Defendant has not offered any evidence to support such an award.

     Accordingly, the Court is not satisfied that Defendant has satisfied their burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

     In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

     **IT IS SO ORDERED.**

                                                                                                                                            :

Initials of Preparer